FOREMOST LIFE INSURANCE COMPANY v WATERS
(ON REMAND)

Docket No. 69862. Submitted March 2, 1983, at Lansing.—Decided
May 17, 1983. Leave to appeal applied for.

Dorothy V. Blodgett was injured in an automobile accident and
received $26,714.77 from Foremost Life Insurance Company
pursuant to Foremost's group disability insurance policy with
her employer. Marie Waters, as the guardian of Dorothy Blod-
gett, filed suit against the tortfeasor in the accident and later
entered into a consent judgment in that action in the amount
of $120,000. Plaintiff Foremost Life Insurance Company filed a
complaint against Marie Waters, guardian of Dorothy V. Blod-
gett, for declaratory relief seeking a determination that it was
entitled to reimbursement from defendant in the amount of
$26,714.77 under the subrogation provision of the group disabil-
ity insurance policy covering Dorothy V. Blodgett. The Kent
Circuit Court, George V. Boucher, J., held for the plaintiff and
ordered defendant to reimburse plaintiff in the amount of
$26,714.77. Plaintiff was granted 6% annual interest on the
judgment from the date of filing of plaintiff's complaint. Defen-
dant appealed, claiming that the plaintiff is not entitled to
subrogation, and the Court of Appeals reversed, 88 Mich App
599 (1979). Plaintiff appealed to the Supreme Court for leave to
appeal. The Supreme Court, in lieu of granting leave to appeal,
reversed and remanded for consideration of the remaining
issues, 415 Mich 303 (1982). *Held:*

1. Defendant argued that, since plaintiff sought only declara-
tory relief, the trial judge erred in also awarding monetary
relief. At the time the complaint for declaratory judgment was
filed, defendant had not yet settled with the tortfeasor. When
judgment for plaintiff was entered, however, defendant had
entered into a settlement with the tortfeasor. It was, therefore,

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur 2d, Interest and Usury §§ 96, 97.
Date of verdict or date of entry of judgment thereon as beginning of
interest period on judgment. 1 ALR2d 479.
[2] 20 Am Jur 2d, Costs §§ 72, 83-86.
Attorneys' fees in class actions. 38 ALR3d 1384.

appropriate for the trial judge to grant a monetary award in addition to declaratory relief.

2. Defendant argued that, if a monetary award was properly entered, interest should have been computed from April 8, 1977, the date she entered into a consent judgment with the tortfeasor. The purpose of the prejudgment interest statute is to compensate the prevailing party for the delay in the payment of money damages. The trial judge erred in awarding interest from the date of filing the complaint. Defendant was not in possession of the funds to which plaintiff asserted a claim until April 8, 1977. Until that date there had been no detention of funds by defendant. Defendant's delay in paying plaintiff pursuant to its request under the subrogation clause did not begin until April 8, 1977.

3. Defendant's final argument challenged the trial judge's denial of her request to offset the sum awarded to plaintiff by a portion of the fees she paid to her attorneys in the suit filed against the tortfeasor. Generally, attorney fees may not be awarded unless authorized by statute or court rule. Among the recognized exceptions to this general rule is the award of attorney fees to a party who has created or protected a common fund for the benefit of others as well as himself. This exception is designed to compensate a party who has alone borne the burden and expense of litigation which has benefited others. The facts justified application of this exception to the general restrictive rule regarding award of attorney fees.

Judgment affirmed, with interest modified, and remanded with instructions.

1. JUDGMENTS — INTEREST.

Interest on judgments is awarded to compensate the prevailing party for delay in the payment of money damages; where delay in payment begins after the filing of the complaint, interest should only be awarded from the date that delay in payment began.

2. JUDGMENTS — ATTORNEY FEES.

Attorney fees may be awarded to a party who has created or protected a common fund for the benefit of others as well as himself.

*Varnum, Riddering, Wierengo & Christenson* (by *Dennis C. Kolenda),* for plaintiff.

*Rhoades, McKee & Boer* (by *William F. Mills)*, for defendant.

ON REMAND

Before: T. M. BURNS, P.J., and M. J. KELLY and D. F. WALSH, JJ.

D. F. WALSH, J. This Court reversed a judgment for plaintiff Foremost Life Insurance Company in *Foremost Life Ins Co v Waters,* 88 Mich App 599; 278 NW2d 688 (1979), concluding that the insurance policy issued by plaintiff to Dorothy Vivian Blodgett's employer did not entitle plaintiff to reimbursement from defendant Marie Waters's recovery (on behalf of her ward, Ms. Blodgett) of damages from a third-party tortfeasor. The Supreme Court reversed, and remanded to this Court for consideration of the remaining issues raised by defendant. *Foremost Life Ins Co v Waters,* 415 Mich 303; 329 NW2d 688 (1982).

The facts, as presented in our previous opinion, are:

"Dorothy Vivian Blodgett was seriously injured in an automobile accident and received $26,714.77 from plaintiff Foremost Life Insurance Company pursuant to plaintiff's group disability insurance policy with her employer. She also filed suit against the tortfeasor in the accident and entered into a consent judgment in that action in the amount of $120,000. Plaintiff filed a complaint for declaratory relief, seeking a determination that it was entitled to reimbursement from defendant in the amount of $26,714.77 under the subrogation provision of its group policy. The trial judge entered judgment for plaintiff and ordered defendant to reimburse plaintiff in the amount of $26,714.77." *Foremost Life Ins Co v Waters,* 88 Mich App 601.

Plaintiff was granted 6% annual interest on the judgment from August 25, 1976, the date on which plaintiff filed its complaint for declaratory relief. Defendant's petition for attorney fees was denied. Three issues remain for our consideration.

I

Defendant argues that, since plaintiff sought only declaratory relief, the trial judge erred in also awarding monetary relief.

At the time the complaint for declaratory judgment was filed, defendant had not yet settled with the tortfeasor. When judgment for plaintiff was entered, however, defendant had entered into a settlement with the tortfeasor. It was, therefore, appropriate for the trial judge to grant a monetary award in addition to declaratory relief. Plaintiff was entitled to such relief even though it had not been demanded in plaintiff's complaint. GCR 1963, 518.3.

II

Defendant also argues that, if a monetary award was properly entered, interest should have been computed from April 8, 1977, the date she entered into a consent judgment in the amount of $120,000 with the tortfeasor. As noted *supra,* the trial judge awarded interest from the date plaintiff's complaint was filed. MCL 600.6013; MSA 27A.6013.

Interest is awarded to compensate for loss of the use of funds. *Vannoy v City of Warren,* 26 Mich App 283, 288; 182 NW2d 65 (1970), *aff'd* 386 Mich 686; 194 NW2d 304 (1972); *Militzer v Kal-Die Casting Corp,* 41 Mich App 492, 497; 200 NW2d 323 (1972), *lv den* 388 Mich 789 (1972).

" 'Interest is the compensation allowed by law, or fixed by the parties, for the use or forbearance of money, or as damages for its detention.' 33 CJ, p 178." *Marion v Detroit,* 284 Mich 476, 484; 280 NW 26 (1938).

The purpose of the prejudgment interest statute is to compensate the prevailing party for the *delay* in the payment of money damages. *Denham v Bedford,* 407 Mich 517, 532; 287 NW2d 168 (1980); *Waldrop v Rodery,* 34 Mich App 1; 190 NW2d 691 (1971).

We hold that, under the facts of this case, the trial judge erred in awarding interest from the date of filing the complaint. Defendant was not in possession of the funds to which plaintiff asserted a claim until April 8, 1977. Until that date there had been no detention of funds by defendant. Defendant's delay in paying plaintiff pursuant to its request under the subrogation clause did not begin until April 8, 1977.

We find analogous the case of *McLouth Steel Corp v A E Anderson Construction Corp,* 48 Mich App 424; 210 NW2d 448 (1973), *lv den* 391 Mich 754 (1973). In that case judgment was entered against McLouth in favor of the original plaintiff, an employee of Anderson. During the original action, McLouth filed a third-party complaint against Anderson for indemnification. Summary judgment was entered for Anderson on the third-party complaint but was reversed on appeal. After judgment in favor of the employee was entered, McLouth instituted a separate suit against Anderson for indemnification. McLouth prevailed. The trial judge ordered that the indemnification award in favor of McLouth would bear interest not from the date of filing the third-party complaint against Anderson but from the date of the judgment

against McLouth in the original suit. Because the amount awarded in the original suit included interest payable to the original plaintiff from the date of filing the complaint, MCL 600.6013; MSA 27A.6013, that portion of time between the filing of the third-party complaint and the entry of judgment for the original plaintiff was already burdened by statutory interest. This Court agreed that, under the facts, it would not be proper to augment Anderson's indemnification liability further "by adding more interest to an amount that had not yet been determined nor paid out by" McLouth. 48 Mich App 432.

So too in the instant case we find that awarding interest from the date the complaint for declaratory judgment was filed was not proper. The amount of the fund from which plaintiff was to be subrogated was not determined until entry of judgment for defendant against the tortfeasor. Although the consent judgment in the case between defendant and the tortfeasor expressly provided that the $120,000 award was to be "without costs and interest", the availability of 6% interest from the filing of the complaint was surely a factor taken into consideration by the parties in negotiation. The judgment is, therefore, modified to provide for interest from April 8, 1977.[1]

## III

Defendant's final argument challenged the trial judge's denial of her request to offset the sum awarded to plaintiff by a portion of the fees she paid to her attorneys in the suit filed against the tortfeasor.

---

[1] Pursuant to MCL 600.6013; MSA 27A.6013, as amended in 1980, interest shall be calculated from April 8, 1977, to June 1, 1980, at the rate of 6% per year, and thereafter at the rate of 12% per year.

Generally, attorney fees may not be awarded unless authorized by statute or court rule. *State Farm Mutual Automobile Ins Co v Allen,* 50 Mich App 71; 212 NW2d 821 (1973); *GRP, Ltd v United States Aviation Underwriters, Inc,* 70 Mich App 671; 247 NW2d 583 (1976), *aff'd* 402 Mich 107; 261 NW2d 707 (1978). Among the recognized exceptions to this general rule is the award of attorney fees to a party who has created or protected a common fund for the benefit of others as well as himself. *In the Matter of Attorney Fees of Kelman, Loria, Downing, Schneider & Simpson,* 406 Mich 497; 280 Nw2d 457 (1979); *State Farm Mutual Automobile Ins Co, supra,* p 77; *GRP, Ltd, supra,* p 681. This exception is designed to compensate a party who has alone borne the burden and expense of litigation which has benefited others. *Id.,* p 681.

We find that the instant facts justify application of this exception to the general restrictive rule regarding award of attorney fees. By virtue of the subrogation clause in the group disability insurance policy, the judgment entered in favor of defendant in the suit against the tortfeasor also benefited plaintiff. We note that other courts have invoked the "common fund" principle in similar contexts to justify awards of attorney fees. See Anno: *Right of attorney for holder of property insurance to fee out of insurer's share of recovery from tortfeasor,* 2 ALR3d 1441, § 1(a), p 1441-1442; *State Farm Ins Co v Clinton,* 267 Or 653; 518 P2d 645 (1974).[2]

Accordingly, defendant is entitled to deduct,

---

[2] The record indicates that plaintiff was on notice of the litigation between defendant and the tortfeasor. Although defendant was of the opinion that the subrogation clause in the insurance policy did not apply, nothing suggests that plaintiff was precluded from seeking to intervene in defendant's suit against the tortfeasor.

from the sum awarded plaintiff, plaintiff's pro rata share of a reasonable fee due defendant's attorneys in the suit against the tortfeasor.

## Conclusion

The Supreme Court has affirmed the trial judge's ruling that the subrogation clause is enforceable and applicable. The award of monetary relief to plaintiff is affirmed with the following modifications: interest on the judgment is to run from April 8, 1977; we remand for a hearing to determine a reasonable attorney fee due defendant's attorneys in the suit against the tortfeasor and order that plaintiff's recovery be reduced by its pro rata share of that amount.