CENTRAL MICHIGAN UNIVERSITY FACULTY ASSOCIATION v
STENGREN

Docket No. 76097. Submitted November 6, 1984, at Grand Rapids.—
Decided May 6, 1985. Leave to appeal applied for.

George L. Stengren was one of a group of Central Michigan University faculty members within the bargaining unit for which Central Michigan University Faculty Association is the exclusive bargaining representative. Stengren and others in the group refused to join the association or to pay a service fee equivalent to the amount of member dues as required by the bargaining agreement between the university and the association. The association brought suit against Stengren in Isabella Circuit Court for money damages in the amount of the service fees then allegedly owed and for equitable enforcement of the service fee obligation. The suit was certified as a class action and the other similarly situated faculty members were joined as defendants. The court, Paul F. O'Connell, J., granted plaintiff's motion for a stay of proceedings and ordered defendants to exhaust the procedure agreed to in the labor contract for objecting to use of the service fees for political and ideological expenditures. Defendants refused to participate in the procedure and requested a declaratory judgment that the procedure violated their First Amendment and due process rights. The association conducted the procedure ex parte. Its tribunal, the Citizens Service Fee Review Committee, issued a decision, which the association moved that the court affirm. That motion was treated as a motion for summary judgment. Defendants filed a cross-motion for summary and declaratory judgment on the affirmative defenses and counterclaims that their constitutional rights were violated. Following hearing, the court ruled that it would grant the association's motion on the ground that the stay order was never appealed and that defendants' refusal

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law § 595 et seq.
   48 Am Jur 2d, Labor and Labor Relations §§ 16, 155, 259, 271.
[2] 5 Am Jur 2d, Arbitration and Award §§ 98-100.
[3] 22 Am Jur 2d, Damages § 179 et seq.
   28 Am Jur 2d, Escrow § 2.

to participate in the internal procedure effectively waived their rights to complain about that procedure. Judgment was entered against each defendant and class member for past and future service fees in accordance with the decision of the association's tribunal. The judgment also denied defendants' cross-motions for summary and declaratory judgment. Defendants appeal from the order requiring them to participate in the association's internal proceedings and the final judgment. The association cross-appeals from the court's determination of the amount of prejudgment interest to which it was entitled. *Held:*

1. The trial court's order requiring defendants to participate in the intraunion proceedings was not a violation of their constitutional rights.

2. The Citizens Service Fee Review Committee is not an impartial tribunal, therefore the intraunion procedure provided by plaintiff is constitutionally insufficient to protect defendants' rights. Because the intraunion procedure is constitutionally inadequate, because the trial court did not address the question of which expenditures of a union a dissenting member could constitutionally be required to pay, and because the record is insufficient for the Court of Appeals to determine the constitutionality of the expenditures, the amount of service fees payable should be determined by the trial court on remand.

3. The trial court's method of computing the prejudgment interest to which plaintiff was entitled is correct.

Affirmed in part and remanded.

1. Labor Relations — Union Service Fees — Exhaustion of Remedies.

An employee may be required to exhaust the remedies provided by a union for determining the proper amount of service fees chargeable prior to litigating the correct amount of service fees in court.

2. Constitutional Law — Due Process.

Due process of law requires that the mediator of a dispute be unbiased.

3. Interest — Prejudgment Interest — Escrow Accounts.

Prejudgment interest on an amount of money, the entitlement to which is disputed, may be avoided by payment of that amount of money into an escrow account.

*Foster, Swift, Collins & Coey, P.C.* (by *Michael J. Schmedlen),* for plaintiffs.

*Lynch, Gallagher, Lynch, Shirley, Martineau & Campbell* (by *Reynolds H. Campbell),* for defendnts.

Before: R. B. Burns, P.J., and Allen and T. L. Brown,* JJ.

R. B. Burns, P.J. During some or all of the academic years since 1974-1975, defendants were faculty members at Central Michigan University within the bargaining unit for which plaintiff, Central Michigan University Faculty Association is the exclusive bargaining representative. Defendants refused to join the association or to pay a service fee equivalent to the amount of member dues as required by the bargaining agreement between CMU and the association. On May 7, 1976, the association brought suit against defendant, George L. Stengren, for money damages in the amount of the service fees then allegedly owed and for equitable enforcement of the service fee obligation. This suit was certified as a class action on January 4, 1977, and the other defendants were joined as parties.

The collective-bargaining agreement between the association and CMU includes a procedure for objecting to use of the service fees for political and ideological expenditures. On February 13, 1981, the trial court granted the association's motion for a stay of proceedings and ordered defendants to exhaust that remedy. Defendants refused to participate in the procedure. In their amended answer and counterclaim to the association's 1980 first amended complaint, defendants requested a declaratory judgment that the procedure violated their First Amendment and due process rights. Their refusal to participate in the proceedings was based

---

* Circuit judge, sitting on the Court of Appeals by assignment.

on the contention that forcing them to participate would also deny them those constitutional rights.

The association conducted its internal proceedings ex parte. On March 11, 1983, the association's tribunal, called the Citizens Service Fee Review Committee (CSFRC), issued a decision. The association then filed a motion to affirm the CSFRC's determination, which was treated as a motion for summary judgment, GCR 1963, 117.2(3). Defendants opposed that motion and filed a cross-motion pursuant to GCR 1963, 117.2(3) and 521 for summary and declaratory judgment on their affirmative defenses and counterclaims that their constitutional rights were violated. After a hearing, the court ruled that it would grant the association's motion on the ground that the stay order was never appealed and that defendants' refusal to participate in the internal procedure "effectively waives their rights to complain about that procedure".

On January 6, 1984, judgment was entered against each defendant and class member for past and future service fees in accordance with the decision of the CSFRC. The judgment also denied defendants' cross-motions for summary and declaratory judgment.

Defendants appeal from the trial judge's February 17, 1981, order requiring them to participate in the association's internal proceedings and from the final judgment. Plaintiff association cross-appeals from the trial judge's determination of the amount of prejudgment interest to which it is entitled.

In *Kempner v Local 2077, AFL-CIO,* 126 Mich App 452; 337 NW2d 354 (1983), *app dis* — US —; 105 S Ct 316; 83 L Ed 2d 254 (1984), this Court held that an employee may be required to exhaust the remedies provided by a union for determining

the proper amount of service fees chargeable prior to litigating the correct amount of service fees in court. *Kempner* relied upon the United States Supreme Court's encouragement in *Brotherhood of Railway & Steamship Clerks, Freight Handlers, Express & Station Employees v Allen,* 373 US 113, 122-123; 83 S Ct 1158; 10 L Ed 2d 235 (1963), that unions adopt voluntary plans under which dissenting employees are afforded an internal union remedy for determining the proper amount of service fees chargeable to them. *Kempner* also relied upon the United States Supreme Court decision in *Abood v Detroit Bd of Ed,* 431 US 209; 97 S Ct 1782; 52 L Ed 2d 261 (1977). In *Abood,* the Court stated it may be appropriate to require an employee to exhaust the remedies provided by the union prior to litigating the amount of service fees in judicial proceedings. 431 US 242. Thus, the trial court's order requiring defendants to participate in the intraunion proceedings was not a violation of their constitutional rights.

*Abood* left open the question of whether the procedure provided was constitutionally sufficient. 431 US 242, fn 45; *Ellis v Brotherhood of Railway, Airline & Steamship Clerks, Freight Handlers, Express & Station Employees,* — US —; 104 S Ct 1883; 80 L Ed 2d 428, 439 (1984). The constitutional sufficiency of the remedy can still be challenged by defendants. If the procedure is constitutionally sufficient, then defendants would be precluded by the exhaustion of remedies doctrine from challenging the CSFRC's determination as to the amount of service fees properly chargeable to them. The trial court should have considered, as this Court will now consider, the constitutional sufficiency of the procedure provided by the collective-bargaining agreement.

The procedure provided by the association for

dissenting members to challenge the amount of service fees requires the dissenting members to object to political and ideological expenditures to the executive director of the Michigan Education Association. If the dissenting member is dissatisfied with the executive director's determination, he may appeal to the executive committee of the board of directors of the MEA. If the employee is still dissatisfied, he may appeal the executive committee's decision to the CSFRC. Although this Citizens Service Fee Review Committee is composed of disinterested citizens who are not a part of or employed by the MEA or the NEA[1] or its affiliates, this committee is appointed by the president of the MEA with the approval of the board of directors of the MEA.

Because members of the CSFRC are chosen solely by the MEA, of which plaintiff is an affiliate, the CSFRC is not an impartial tribunal. Accordingly, we find the intraunion procedure provided by plaintiff is constitutionally insufficient to protect defendants' rights. Due process of law requires that the mediator of a dispute be unbiased. *In re Murchison,* 349 US 133; 75 S Ct 623; 99 L Ed 942 (1955); *Albion Public Schools v Albion Ed Ass'n/ MEA/NEA,* 130 Mich App 698; 344 NW2d 55 (1983).

Defendants argue that the service fee scheme established by plaintiff permits it to spend monies in violation of defendants' First Amendment rights. In *Ellis, supra,* the Supreme Court set forth a test for determining toward which expenditures of a union dissenting members could constitutionally be required to pay. The trial court did not address that question. No evidence was presented regarding the actual expenditures made by plain-

[1] National Education Association.

tiff. The record is insufficient for us to determine the constitutionality of the expenditures. Therefore, this question cannot be reviewed at this time. Because the intraunion procedure is constitutionally inadequate, the amount of service fees payable should be determined by the trial court on remand.

We do affirm the trial court's method of computation of the prejudgment interest to which plaintiff was entitled. MCL 600.6013; MSA 27A.6013 provides for prejudgment interest. In accordance with *Foremost Life Ins Co v Waters (On Rem),* 125 Mich App 799; 337 NW2d 29 (1983), the trial judge properly limited plaintiff to recovery of prejudgment interest on the service fees payable after the complaint was filed from the date they became due. Plaintiff is not entitled to prejudgment interest on the entire amount of the judgment from the date the complaint was filed. The trial judge also properly limited plaintiff to recovery of the interest earned by the service fees paid into the escrow account. The payment of the service fees into the escrow account cut off plaintiff's right to prejudgment interest as to the amount tendered into the escrow account. *Kleynenberg v Highlands Realty Corp,* 340 Mich 339; 65 NW2d 769 (1954); *Cates v Moyses,* 57 Mich App 405; 226 NW2d 106, *amended & aff'd* 394 Mich 762; 228 NW2d 380 (1975).

Affirmed in part and remanded. Costs to defendants.