852 F.2d 569
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry T. ROEBUCK, Plaintiff-Appellee, Cross-Appellant,
v.
YELLOW FREIGHT SYSTEM, INC., an Indiana corporation,
Defendant-Appellant, Cross-Appellee.
 Nos. 87-1036, 87-1061.
 United States Court of Appeals, Sixth Circuit.
 July 18, 1988.
 
 Before ENGEL, Chief Judge, and MERRITT and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Yellow Freight Systems appeals a judgment entered upon a jury verdict in favor of plaintiff Harry Roebuck in Roebuck's age discrimination suit tried in the United States District Court for the Eastern District of Michigan. Plaintiff Roebuck cross-appeals the exclusion of certain evidence at trial.
 
 
 2
 Defendant Yellow Freight conducts business as a carrier of general commodities by motor vehicle. In 1971, at the age of 51, plaintiff Roebuck was hired as a sales representative by Yellow Freight, where he worked until his termination in 1978. The parties are in dispute as to the quality of Roebuck's work, with Yellow Freight alleging that it was substandard, and Roebuck alleging that his work was at least satisfactory. While Roebuck was employed with Yellow Freight, the company underwent a substantial shift in its business by shipping smaller loads. Yellow Freight contends that Roebuck's adaptation to the altered sales strategies required under the new system was very poor, and he was placed under surveillance. Roebuck was terminated on October 2, 1978.
 
 
 3
 Roebuck then brought suit in the Wayne County, Michigan Circuit Court alleging that his discharge was unlawful as violative of Michigan's Elliott-Larsen Act, M.C.L.A. Sec. 37.2101 et seq.[1] Yellow Freight subsequently removed the state action to the United States District Court for the Eastern District of Michigan, based on diversity jurisdiction. The first trial commenced in 1983 and resulted in the grant of the defendant's motion for a directed verdict. On appeal, however, our court reversed that judgment, finding that the lower court had employed an incorrect standard in assessing plaintiff's evidence of age discrimination. See Roebuck v. Yellow Freight Systems, Inc., No. 83-1621 (6th Cir. Dec. 10, 1985). That case was, therefore, remanded to the district court for a new trial. Following a second trial, concluded in September 1986, the jury rendered a verdict in favor of Roebuck in the amount of $150,000. To this the trial judge subsequently added prejudgment interest and the final award was fixed at $299,034.11 plus costs and attorney fees.
 
 
 4
 On this appeal, defendant Yellow Freight raises a number of claims of error on the part of the district court in: (1) failing to grant a directed verdict on Roebuck's age discrimination claim when Roebuck's evidence of satisfactory job performance was inadequate; (2) excluding evidence essential to the defense; (3) giving a jury instruction which was an incorrect statement of the law, self-contradictory, and which improperly shifted the burden of persuasion to Yellow Freight; (4) refusing to enter a partial directed verdict severing Roebuck's right to back pay after he voluntarily retired; (5) excluding evidence of Roebuck's net worth and passive income; (6) considering Roebuck's claim for lost pension, since that claim is preempted by ERISA; and (7) allowing Roebuck to collect prejudgment interest back to the date of the filing. On cross-appeal, Roebuck argues that the court erred in excluding evidence regarding a similarly situated Yellow Freight employer.
 
 I.
 
 5
 Yellow Freight's assertion that the district court erred in failing to grant a directed verdict was predicated primarily upon its assertion that the undisputed evidence was overwhelming that Roebuck's job performance was inadequate. Harry Roebuck, born in 1920, had worked for thirty years as a freight salesman and was hired by Yellow Freight on July 1, 1971. He was fired October 2, 1978, purportedly for cause in failing to maintain and live up to the expectation of his employer that he would produce new business and increase the business in the accounts to which he had been assigned. Yellow Freight relies particularly upon our decision in Chappell v. GTE Products Corp., 803 F.2d 261 (6th Cir.1986), and the observation of Judge Jones therein, at page 265 that
 
 
 6
 Jury control devices such as judgment n.o.v. or directed verdict have been recognized by courts as applicable in certain age discrimination cases due to the possibility that sympathy for the plaintiff may present an overriding but impermissible factor in a jury verdict for plaintiff.
 
 
 7
 In determining whether the trial court erred in refusing to direct a verdict, courts must consider each case in its own context, viewing the evidence most favorably to the prevailing party. While we agree with the observation in Chappell and other like cases, we conclude, after a very careful examination of all of the evidence, that the district judge did not err in declining to direct a verdict here, or in refusing to grant a judgment notwithstanding the jury verdict in favor of plaintiff. Without undertaking a complete recital of all the evidence, suffice it to say that, viewing the evidence most favorably to the non-movent, Roebuck's immediate superior, terminal manager William Steepe and his successor, Ivan Waterbury, embarked upon a conscious program of favoritism toward the younger salesmen to the consequent prejudice of the older and more experienced salesmen such as plaintiff Roebuck. There is credible evidence that Roebuck's superiors tolerated lower sales by younger salesmen and that particularly Steepe, but also Waterbury, had expressly viewed the age of a fellow salesman, then 57, as being a detriment to his promotability. This evidence, combined with proof controverting the employer's claim of plaintiff's misconduct required the trial court to submit the ultimate question to the jury. This required the jury to determine, among other things, whether the company's basis for discharge was real or a pretextual mask for its bias against Roebuck on account of his age.
 
 II.
 
 8
 In its appeal, Yellow Freight asserts that the trial judge erred in admitting, as part of plaintiff's proof of damages, evidence of lost retirement benefits occasioned by Roebuck because of his termination. In short, as part of Roebuck's claim for overall damages, he alleged a loss of past and future pension benefits under Yellow Freight's pension plan. Since that plan was unquestionably an "Employee Pension Benefit Plan" within the meaning of and subject to the terms of the Employees Retirement Income Security Act, 29 U.S.C. Sec. 1001 et seq., Yellow Freight alleges that it was improper for Roebuck to have sought and presumably received damages, because of the preemptive language of section 514(a) of that statute, 29 U.S.C. Sec. 1144(a). In particular, Yellow Freight places reliance upon the broad preemptive scope given section 514 by the Supreme Court in Shaw v. Delta Airlines, Inc., 463 U.S. 85 (1983), and more recently in Metropolitan Life Ins. Co. v. Taylor, --- U.S. ----, 107 S.Ct. 1542 (1987), and Pilot Life Ins. Co. v. Dedeaux, --- U.S. ----, 107 S.Ct. 1549 (1987).
 
 
 9
 Whatever might have been Yellow Freight's right to challenge the inclusion of loss of pension benefits as part of Roebuck's damage claim, we are fully satisfied that under the existing law in our circuit we should decline to consider that argument because it was not at any time presented to the district court or otherwise raised as an objection to the introduction of the evidence in question. See Sigmon Fuel Company v. Tennessee Valley Authority, 754 F.2d 162 (6th Cir.1985). We have specifically refused to consider claims concerning the inappropriate formulation of damages on several occasions when such claims were not made before the district court. See, e.g., Young v. Langley, 793 F.2d 792 (6th Cir.1986); Boich v. Federal Mine Safety & Health Review Com'n, 704 F.2d 275 (6th Cir.1983); Harrington v. Vandalia-Butler Bd. of Ed., 585 F.2d 192 (6th Cir.1978). Further we cannot agree with Yellow Freight's claim that the issue of ERISA preemption, in the context of damage calculations, is jurisdictional, hence allowing us to reach this issue for the first time on appeal. Appellant's citation to International Longshoremen's Ass'n, AFL-CIO v. Davis, 476 U.S. 380 (1986), is inapposite. We find no evidence that ERISA was ever intended to preempt the trial court's diversity jurisdiction in an age discrimination case premised on state law. The question therefore is not one of jurisdiction, which plainly exists here over the subject matter in dispute. It is a question of the measure of damages.
 
 III.
 
 10
 Yellow Freight also contends that the district court erred in its award of prejudgment interest, particularly given the speculative nature of the future damages awarded. Appellant argues that since the purpose of prejudgment interest is to provide compensation to the winning party for the delay in obtaining his funds, no interest should be charged on funds that the plaintiff had only become entitled to after the period in which interest was awarded.
 
 
 11
 In a diversity case, a federal court is bound to follow state law on the question of prejudgment interest. Bailey v. Chattem, Inc., 838 F.2d 149 (6th Cir.1988). Both parties and the district court understood that the question of whether front pay awards should be treated as a lump sum for purposes of awarding prejudgment interest has no clear answer under Michigan law. However, we believe that the district court followed the more reasonable position.
 
 
 12
 The court noted that while some Michigan cases hold that prejudgment interest is not appropriate for damages which occur after the filing of the complaint, Central Michigan University Faculty Ass'n v. Stengen, 142 Mich.App. 455, 370 N.W.2d 383 (1985); Foremost Life Ins. Co. v. Waters, 125 Mich. 799, 337 N.W.2d 29 (1983), others have reached a contrary result. Goins v. Ford Motor Co., 131 Mich.App. 185, 347 N.W.2d 184 (1983). After analyzing each of the cases, the district court stated that:
 
 
 13
 These cases are not irreconcilable. Where the damages clearly accrue at certain dates, Stengen allows a court to award interest from the date of the accrual. Where an award represents an unapportioned conglomeration of varying compensation, the court need not separate out the various elements. This latter result was apparently reached in American Anodco, Inc. v. Reynolds Metal Co., 572 F.Supp. 895 (W.D.Mich.1983), aff'd, 743 F.2d 417 (6th Cir.1984) (appellate court holding non-apportionment not clear error).
 
 
 14
 In the present case, the jury award is not susceptible to easy apportionment. The award contains both compensation for pension losses and backpay. No evidence was introduced on when these losses accrued. Thus, the lump sum award is similar to the award in Goins.
 
 
 15
 We also note that a more recent Michigan Court of Appeals case, OM-EL Export Co. v. Newcor, Inc., 154 Mich.App. 471, 398 N.W.2d 440, 444-45 (1986), echoes the position in Goins relied upon by the district court. While the law here is far from clear, it is obvious that the district judge, who was well versed in Michigan law, adopted a reasonable interpretation of the conflicting precedents. We therefore defer to his judgment. See, e.g., Agristor Leasing v. Saylor, 803 F.2d 1401, 1407 (6th Cir.1986); Martin v. Joseph Harris Co., 767 F.2d 296, 299 (6th Cir.1985).
 
 IV.
 
 16
 We have carefully reviewed the other claims of error raised by Yellow Freight and admittedly some of those claims with respect to the admission and rejection of evidence are close. In each instance, however, we are convinced upon a review of the record as a whole, that the ultimate decision properly rested within the exercise of the discretion of the experienced Michigan judge who presided over the trial. Since we uphold the judgment entered in favor of appellee Roebuck it is not necessary for us therefore to rule upon appellee's cross-appeal concerning the admissibility of evidence regarding employee Bartlett. The judgment of the district court therefore is in all respects AFFIRMED.
 
 
 17
 MERRITT, Circuit Judge.
 
 
 18
 I concur in Parts I and II of Chief Judge Engel's thoughtful opinion, but I do not agree with the resolution of the prejudgment interest issue in Part III.
 
 
 19
 The District Court stated that the jury award could not be easily apportioned because the award contained both compensation for pension losses and backpay, and no evidence was introduced on when these losses accrued. Mem.Opin. and Order, at 7. This statement is erroneous and conflicts with the District Court's acknowledgement that the jury award was based on the calculations of the plaintiff's expert. Mem.Opin. and Order at 4-5. The plaintiff's earnings by quarter and his future pension benefits were in the record.
 
 
 20
 Once the District Judge's factual error is corrected, I do not believe we should defer to his construction of Michigan law. As Chief Judge Engel notes, the law of Michigan is far from clear on the issue of how future damage awards should be treated for purposes of prejudgment interest. However, the Michigan Supreme Court held in 1962 that interest on installment benefits should be calculated from the time those benefits become due. Drake v. Norge Division, Borg-Warner Corp., 367 Mich. 464, 116 N.W.2d 842 (1966). Drake was a workers compensation case in which the Michigan Supreme Court, relying on previous cases that had calculated interest on installment benefits from the time they became due, reaffirmed the principle that such a calculation "finally establishes a parity between the employee who ultimately collects accrued benefits and the employer who redeems a claim by paying benefits in advance,-- at a commuted value, of course." 367 Mich. 464, 116 N.W.2d at 844 (emphasis added). This balancing principle of Drake is unaffected by subsequent changes in the Michigan interest statute; a mere change in the date from which interest is calculated would not disturb the deeper principle based on "the elementary nature of the equities" that the employee receives no "less than he is entitled to receive" and that the employer does not have "free use of money determined to have been due the employee." Id.
 
 
 21
 None of the cases cited by the District Judge or the majority indicate any awareness of Drake as precedent, but Drake appears to remain the law of Michigan. One panel of the Michigan Court of Appeals has rejected Drake, see Ombrello v. Montgomery Ward Long Term Disability Trust, 163 Mich.App. 816, 415 N.W.2d 658, 662 (1987), but it did so without explanation. Until the Supreme Court of Michigan speaks again on the issue, we should assume the viability of Drake.
 
 
 22
 Additionally, the District Court's "reconciliation" of Central Michigan University Faculty Ass'n v. Stengen, 142 Mich.App. 455, 370 N.W.2d 383 (1985), and Goins v. Ford Motor Co., 131 Mich.App. 185, 347 N.W.2d 184 (1983), misreads both cases. The "future damages" upon which prejudgment interest was awarded in Goins had been discounted to present value, while the court in Stengen awarded interest at the time each payment became due. The cases are reconcilable because they achieve identical results. If the court in Stengen had reduced the "future damages" to present value and then computed prejudgment interest on that entire amount, the effect would have been the same as the result the court achieved by computing interest on the nondiscounted benefits as of their due date.
 
 
 23
 Finally, American Anodco, Inc. v. Reynolds Metals Co., 572 F.Supp. 895 (W.D.1983), aff'd 743 F.2d 417 (6th Cir.1984), does not lead to a contrary result. A careful review of the Anodco case, including its affirmance by this Court, reveals that the discussion of "apportionment" refers not to accrual of the schedule of payments but rather to "apportioning" the rate of interest before and after a statutory change in the rate of interest.
 
 
 24
 I would reverse the portion of the judgment concerning prejudgment interst and remand for a recalculation of interest that takes into account the date that the benefits became due.
 
 
 
 [1]
 Michigan's Act closely parallels the federal Age Discrimination Act, 29 U.S.C. Sec. 621 et seq. and Michigan courts have frequently looked for guidance to decisions of this court construing the federal counterpart of state anti-discrimination statutes. See, e.g., Jenkins v. Southeastern Michigan Chapter, American Red Cross, 141 Mich.App. 785, 369 N.W.2d 223 (1985); Robson v. General Motors Corp., 137 Mich.App. 650, 357 N.W.2d 919, rev'd on other grounds, 427 Mich. 505, 398 N.W.2d 368 (1984); Northville Public Schools v. Michigan Civil Rights Com'n, 118 Mich.App. 573, 325 N.W.2d 497 (1982)