FARMERS INSURANCE GROUP v LYNCH

Docket No. 110431. Submitted April 5, 1990, at Lansing. Decided
    September 5, 1990; approved for publication November 9, 1990,
    at 9:01 A.M.

Farmers Insurance Group brought an action in the Genesee
    Circuit Court against Lily Lynch, its insured, and Home Mu-
    tual Insurance Company, the insurer of automobiles owned by
    Lynch's husband, seeking a declaration regarding the priority
    of the insurers to pay Lynch no-fault benefits. The trial court,
    Robert M. Ransom, J., ordered Home Mutual to reimburse
    Farmers for fifty percent of the no-fault benefits paid to Lynch,
    and that prejudgment interest on benefits paid after commence-
    ment of the action should be computed from the date the
    benefits were paid rather than from the date the action was
    commenced. Farmers appealed.

The Court of Appeals *held*:

Prejudgment interest was properly computed from the date
    the benefits were paid. The purpose of prejudgment interest is
    to compensate the prevailing party for delay in recovering
    money damages. Farmers suffered no loss of the use of its funds
    until the benefits were paid.

Affirmed.

*Charles F. Filipiak,* for Farmers Insurance
Group.

*Nill, Kirby & Rockwell, P.C.* (by *Donald G. Rock-
well*), for Home Mutual Insurance Company.

Before: WAHLS, P.J., and MARILYN KELLY and
G. S. ALLEN,* JJ.

PER CURIAM. Lily Lynch was seriously injured in
an automobile accident on September 30, 1983.

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

Farmers Insurance Group, the insurer of the automobile Lynch was driving began paying Lynch's no-fault insurance benefits and, on April 23, 1984, commenced a declaratory judgment action in the Genesee Circuit Court against the Home Mutual Insurance Company. Home Mutual was the insurer of automobiles owned by Lynch's husband. The priority dispute between Farmers and Home Mutual was eventually resolved on the basis of the Supreme Court's decision in *Michigan Mutual Ins Co v Allstate Ins Co,* 426 Mich 346; 395 NW2d 192 (1986). Pursuant to the trial court's order, Home Mutual reimbursed Farmers on December 10, 1987, in an amount equal to fifty percent of the total benefits paid to Lynch by Farmers. Farmers appeals as of right from the trial court's July 8, 1988, order awarding prejudgment interest on benefits paid *after* commencement of the action only from the date the benefits were paid, rather than from the date the action was commenced. We affirm.

Interest on a money judgment in a civil action is awarded "from the date of filing the complaint to the date of satisfaction of the judgment." MCL 600.6013; MSA 27A.6013. The purpose of prejudgment interest is to compensate the prevailing party for the delay in recovering money damages. *McCahill v Commercial Union Ins Co,* 179 Mich App 761, 777, n 1; 446 NW2d 579 (1989). Compensation of a party for the costs and expenses of litigation is not a purpose of prejudgment interest. *Id.* Compensation for those items is expressly provided for elsewhere. See, e.g., MCR 2.625. We therefore conclude that the trial court properly followed this Court's decision in *Central Michigan Univ Faculty Ass'n v Stengren,* 142 Mich App 455, 461; 370 NW2d 383 (1985), and awarded Farmers

prejudgment interest on benefits paid *after* commencement of the action only from the date the benefits were paid. But see *Om-El Export Co, Inc v Newcor, Inc,* 154 Mich App 471, 482; 398 NW2d 440 (1986), lv den 426 Mich 878 (1986) (consideration of certified conflict denied). Farmers did not suffer any loss of the use of funds for which interest could accrue until the benefits were paid.

Affirmed.