McKELVIE v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 136378. Submitted November 8, 1993, at Detroit. Decided January 19, 1994, at 9:15 A.M. Leave to appeal sought.

Frank G. McKelvie brought an action in the Macomb Circuit Court against Auto Club Insurance Association, seeking no-fault benefits for injuries sustained in an automobile accident. The plaintiff subsequently amended his complaint to include allegations that the defendant refused to pay for therapy treatment he received in Florida and for a home therapy unit, and had reduced his reimbursement for nursing and home care from payment for twenty four hours of care a day to eight hours of care a day. Before trial, the defendant agreed to pay for the home therapy unit. The jury found the defendant liable for the rehabilitation costs, nursing and home care expenses, and for certain of the expenses incidental to the treatment received in Florida. The court, Kenneth N. Sanborn, J., awarded the plaintiff interest on the unpaid nursing and home care expenses from the date of reduction and attorney fees because of the defendant's unreasonable failure to pay certain of the expenses. The defendant appealed from the award of attorney fees. The plaintiff cross appealed, alleging that he was entitled to interest from the date he filed his original complaint rather than from the date the defendant reduced payment for the nursing and home care expenses.

The Court of Appeals *held:*

1. The court did not err in awarding the plaintiff attorney fees pursuant to MCL 500.3148(1); MSA 24.13148(1). The defendant's blanket denial of all payment to Professional Rehabilitation Associates for services performed for the plaintiff was unreasonable. The fact that the defendant may have had a bona fide reason for disputing some of the services provided does not justify making no payment. The court did not err in deciding that the defendant's refusal to continue payment for twenty-four-hour nursing and home care and to pay for the

REFERENCES

Am Jur 2d, Costs §§ 72, 76; Interest and Usury §§ 69, 70, 96, 97.
See ALR Index under Attorneys' Fees; Insurance and Insurance Companies; Judgments, Orders, and Decrees.

expenses incidental to the Florida therapy program was unreasonable.

2. Because the claim for nursing and home care expenses did not arise until they were reduced, the court did not err in awarding interest from the date of reduction pursuant to MCL 600.6013; MSA 27A.6013.

Affirmed.

1. INSURANCE — NO-FAULT — ATTORNEY FEES — DELAY IN PAYMENT OF CLAIMS.

An attorney is entitled under the no-fault insurance act to a reasonable fee from an insurer for advising and representing a claimant in an action for personal or property protection insurance benefits that are overdue where a court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment; a rebuttable presumption of unreasonableness arises where there is such a delay or refusal, and the insurer has the burden of justifying the delay or refusal (MCL 500.3148[1]; MSA 24.13148[1]).

2. INSURANCE — NO-FAULT — DELAY IN PAYMENT OF CLAIMS — ATTORNEY FEES.

A refusal or delay in payment by a no-fault insurer will not be found unreasonable under § 3148(1) of the no-fault act where it is the product of a legitimate question of statutory construction, constitutional law, or a bona fide factual uncertainty; the fact that a portion of the amount due is in dispute does not justify withholding the entire amount due (MCL 500.3148[1]; MSA 24.13148[1]).

3. JUDGMENTS — INTEREST — CLAIMS ARISING AFTER ORIGINAL CLAIM — ADDED CLAIMS.

Interest on a money judgment in a civil action is to be awarded from the date of the complaint to the date of satisfaction of the judgment; however, interest on a claim that arises after the original complaint has been pleaded and is added by an amended complaint may be awarded from the date the added claim arises (MCL 600.6013[4]; MSA 27A.6013[4]).

*Law Offices of Alan H. Broad, P.C.* (by *Alan H. Broad*), for the plaintiff.

*Scarfone & Geen* (by *John B. Geen*) (*John A. Lydick,* of Counsel), for the defendant.

Before: Brennan, P.J., and Reilly and R. J. Danhof,* JJ.

Per Curiam. Defendant Auto Club Insurance Association (ACIA) appeals as of right from a circuit court judgment awarding plaintiff Frank McKelvie attorney fees under § 3148(1) of the no-fault act, MCL 500.3148(1); MSA 24.13148(1). McKelvie cross appeals from the trial court's ruling in a prior opinion and order that McKelvie was entitled to judgment interest, under MCL 600.6013; MSA 27A.6013, from the date the delay in payment began, rather than the date the original complaint was filed, for ACIA's subsequent refusal to completely reimburse nursing and home care costs. We affirm.

McKelvie sustained injuries in a January 5, 1985, accident, which resulted in quadriplegia. He was hospitalized for approximately six months, and also required rehabilitation services, which he obtained from Professional Rehabilitation Associates (PRA). He also required twenty-four-hour-a-day home care services. Although ACIA paid for McKelvie's various medical, nursing, and home care costs, it did not pay for PRA's services, nor did it provide a specially equipped van recommended by PRA and requested by McKelvie. On March 28, 1986, McKelvie filed a complaint against ACIA for these failures to pay. On February 2, 1987, McKelvie amended his complaint to include a tort claim, which was later dismissed. Various counterclaims and motions not in issue here also followed.

On August 25, 1988, ACIA reduced its reimbursement for McKelvie's nursing and home care to payment for eight hours of care a day. In response, McKelvie amended his complaint again on Sep-

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

tember 19, 1988, to include ACIA's refusal to pay for twenty-four-hour care, as well as its failure to pay expenses incidental to so-called REGYS treatment [an electrical stimulation therapy program] that McKelvie obtained in Florida during 1987, and the cost of a REGYS home therapy (ERGYS) unit. Before trial, ACIA agreed to pay for the ERGYS unit. The jury found ACIA liable for rehabilitation costs, nursing and home care expenses, and for certain of the expenses incidental to the REGYS treatment.

Pursuant to MCL 600.6013; MSA 27A.6013, the trial court awarded interest on the unpaid nursing and home care expenses. However, rejecting McKelvie's argument that the interest should be calculated from the date of McKelvie's original complaint, the court instead ordered that it be calculated from the date of delay, August 25, 1988. Pursuant to MCL 500.3148(1); MSA 24.13148(1), and upon McKelvie's motion, the court also awarded attorney fees on the basis of ACIA's unreasonable failure to pay PRA's expenses, the incidental expenses of REGYS treatment, and nursing and home care after August 1988. From these two decisions, the parties appeal.

I

We find first that the trial court did not clearly err in awarding McKelvie attorney fees pursuant to § 3148(1) of the no-fault act. That section provides:

An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the in-

surer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

The purpose of this penalty provision is to ensure prompt payment to the insured. *Allstate Ins Co v Citizens Ins Co,* 118 Mich App 594, 607; 325 NW2d 505 (1982). A refusal or delay in payment by an insurer will not be found unreasonable under this statute where it is the product of a legitimate question of statutory construction, constitutional law, or a bona fide factual uncertainty. *United Southern Assurance Co v Aetna Life & Casualty Ins Co,* 189 Mich App 485, 492; 474 NW2d 131 (1991). However, where there is such a delay or refusal, a rebuttable presumption of unreasonableness arises such that the insurer has the burden to justify the refusal or delay. *Bloemsma v Auto Club Ins Co,* 174 Mich App 692, 696-697; 436 NW2d 442 (1989). The trial court's finding of unreasonable refusal or delay will not be reversed unless it is clearly erroneous. *United Southern Assurance Co, supra.*

MCL 500.3107(1)(a); MSA 24.13107(1)(a) defines allowable expenses as "all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." The requirements are that (1) the charge be reasonable, (2) the expense be reasonably necessary, and (3) the expense be incurred. *Davis v Citizens Ins Co,* 195 Mich App 323, 326; 489 NW2d 214 (1992).

With regard to ACIA's refusal to pay PRA, there was evidence at the trial that PRA performed services for McKelvie that were related to doctor-ordered prescriptions, yet ACIA made no payment at all. From that evidence, as well as ACIA's arguments during the proceedings that PRA did nothing that Frank McKelvie or his wife could not do, that

pra's charges of approximately $50 an hour were unreasonable, and that because McKelvie had not been billed for those charges, they had not been incurred, the trial court could reasonably have concluded that acia made a policy decision to disallow any payment to pra, without any evaluation of the reasonable necessity of any of the services. The court found that this blanket denial of all payment to pra was unreasonable.

The fact that an insurer may be liable for some expenses (i.e., those reasonably incurred) does not necessarily establish its liability for all of the expenses. *Nasser v Auto Club Ins Ass'n,* 435 Mich 33, 51; 457 NW2d 637 (1990). However, the fact that pra provided some services that acia may have had a bona fide reason for disputing does not justify making no payment. See *Cole v DAIIE,* 137 Mich App 603, 613; 357 NW2d 898 (1984) (the fact that a portion of the amount due is in dispute does not justify withholding the entire amount due).

With regard to acia's reduction of nursing and home care reimbursement to eight hours a day as of August 25, 1988, the record evidence of the last expert opinion on which acia relied for its diminution was in 1987 and, as the trial court found, provides no basis for reducing coverage for daily care from twenty-four to eight hours. To the contrary, the evaluation indicated that at that time McKelvie apparently required someone in attendance throughout both day and night. Acia asserts that the trial court found that acia simply stopped paying for home care, and thus made a factual error. However, the trial court's opinion clearly recognized that acia had made a decision to pay for eight hours of nursing care a day. We thus find no clear error in the trial court's decision that acia's refusal to continue payment for twenty-four-hour care was unreasonable.

With regard to the expenses incidental to the Florida REGYS program, the evidence offered at trial tended to support ACIA's view that there was bona fide factual uncertainty. However, despite its original hesitance to pay for what it viewed as experimental treatment, ACIA did ultimately pay the costs of the program itself, refusing only McKelvie's claims for incidental expenses. ACIA's witness later claimed that she paid the REGYS program expense in error.

However, the trial court, sitting as a factfinder in determining the reasonableness of ACIA's refusal to pay, was entitled to decide such issues as credibility. MCR 2.613(C). While it did not state that the testimony of ACIA's witness was incredible, it gave weight to the inconsistency in ACIA's action in finding that ACIA's refusal to pay was unreasonable. We find that the question was a close one, but that the trial court did not clearly err in finding ACIA's refusal to pay unreasonable. We note that, contrary to ACIA's argument on appeal, there is nothing in the trial court's decision to show that it applied any principle of estoppel to bar ACIA's claim.

II

We address McKelvie's cross appeal in this case because, despite the filing of a nonconforming brief, the issue raised is one of law and the record is factually sufficient. *Verbison v Auto Club Ins Ass'n,* 201 Mich App 635, 641; 506 NW2d 920 (1993).

Pursuant to MCL 600.6013(4); MSA 27A.6013(4), interest on a money judgment in a civil action is to be awarded "from the date of filing the complaint to the date of satisfaction of the judgment." However, while one panel of this Court has held

that the statute should be applied according to its straightforward terms because its purpose is to compensate not only for delay in receiving money but for the expense and inconvenience involved in litigation, *Om-El Export Co, Inc v Newcor, Inc* 154 Mich App 471, 481-482; 398 NW2d 440 (1986), other panels have held that the purpose of prejudgment interest is to compensate the prevailing party for actual delays in recovering money damages, and have granted interest commencing from the date of delay. *Farmers Ins Group v Lynch,* 186 Mich App 537, 538; 465 NW2d 21 (1990); *Central Michigan Univ Faculty Ass'n v Stengren,* 142 Mich App 455, 461; 370 NW2d 383 (1985); *Foremost Life Ins Co v Waters (On Remand),* 125 Mich App 799, 803; 337 NW2d 29 (1983). ACIA argues the latter view.

We note first that although *Farmers Ins Group, supra,* was published after November 1, 1990, it is not binding precedent under Administrative Order No. 1990-6 because it was released as an unpublished opinion before November 1, 1990, and only subsequently approved for publication. *People v Cooke,* 194 Mich App 534, 537; 487 NW2d 497 (1992).

We note secondly that the Supreme Court's decision in *Old Orchard by the Bay Associates v Hamilton Mutual Ins Co,* 434 Mich 244, 252-253; 454 NW2d 73 (1990), supports the holding of *Om-El Export, supra:*

> The rationale for awarding statutory interest under MCL 600.6013; MSA 27A.6013 is primarily a compensatory one. The Revised Judicature Act interest statute serves the purpose of compensating the prevailing party for loss of the use of the funds awarded as a money judgment, as well as offsetting the costs of bringing a court action. . . .
> The second purpose of awarding judgment inter-

est is to provide an incentive for prompt settle-
ment. . . . The award of statutory prejudgment
interest under MCL 600.6013; MSA 27A.6013 in
suits to collect on an insurance contract is a useful
illustration; in this context, prejudgment interest
serves a distinct deterrent function by both en-
couraging settlement at an earlier time and dis-
couraging a defendant from delaying litigation
solely to make payment at a later time.

Were it clear that, in this case, the interest in
issue related to a claim stated in McKelvie's origi-
nal complaint, we would find the trial court's
decision to award interest from August 25, 1988,
the date ACIA refused to fully reimburse for home
care and nursing costs, erroneous under *Old Or-
chard, supra.*

However, while McKelvie initiated his claims for
reimbursement against ACIA on March 28, 1986,
the instant claim did not arise until August 25,
1988, and was not added to McKelvie's formal
complaint until September 19, 1989. We accept
that § 6013 is a remedial statute that is to be
construed liberally in favor of a plaintiff. *Denham
v Bedford,* 407 Mich 517, 528; 287 NW2d 168
(1980). However, we do not believe that a plaintiff
is entitled to collect interest from the date of filing
the initial complaint on a claim that did not arise
until well over two years after the initial com-
plaint was pled. Such an award exceeds the pur-
pose of compensating for a delayed payment, over-
compensates for the related litigation, and departs
from the purpose of providing an incentive for
prompt settlement by both imposing a penalty
upon the defendant and conferring a favor upon
the plaintiff. Such a result was not permitted at
common law, and we are not persuaded that the
Legislature intended such a result under § 6013.
See *Rittenhouse v Erhart,* 424 Mich 166, 218; 380

NW2d 440 (1985); *Gordon Sel-Way, Inc v Spence Bros, Inc,* 438 Mich 488, 499; 475 NW2d 704 (1991); *Banish v Hamtramck,* 9 Mich App 381, 398-400; 157 NW2d 445 (1968).

Under the facts of this case, we do not believe that the trial court erred as a matter of law in awarding interest from the date of delay.

The trial court's decisions on both issues are affirmed.