**ROSKAM BAKING COMPANY,**
a Michigan corporation,
Plaintiff,

v.

**NORTHERN INSURANCE COMPANY OF NEW YORK, a Maryland corporation, Defendant.**

No. 1:97 CV 707.

United States District Court,
W.D. Michigan,
Southern Division.

Aug. 2, 2000.

Mark S. Allard, Jeffrey R. Hughes, Varnum, Riddering, Schmidt & Howlett LLP, Grand Rapids, MI, Edward M. Joyce, Anderson Kill & Olick, PC, New York City, for Roskam Baking Company, a Michigan corporation, plaintiffs.

John B. Massopust, Zelle, Hofmann, Voelbel & Gette, LLP, Minneapolis, MN, Richard Allen Buchanan, Clausen, Miller, Gorman, Caffrey, et al, Chicago, IL, Gregory G. Prasher, Prasher Law Group PLC, Grand Rapids, MI, Karl S. Vasiloff, Jonathon H. Koenig, Catherine M. Colinvaux, Zelle & Larson, LLP, Waltham, MA, for Northern Insurance Company of New York, a New York corporation dba Maryland Insurance Group, defendants.

## JUDGMENT

ENSLEN, Chief Judge.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Award Interest, filed May 1, 2000 (Dkt.269), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Conversion of Arbitration Award to Judgment, filed March 27, 2000 (Dkt.267), is **GRANTED.** Judgment is entered in favor of Plaintiff and against Defendant in the amount of $489,408.51 for unpaid prejudgment interest plus post-judgment interest accruing from March 13, 2000.

## *OPINION*

This matter is before the Court on Plaintiff's Motion to Award Interest and Conversion of Arbitration Award to Judgment. At issue here is Plaintiff Roskam Baking Company's ("Roskam") and Defendant Northern Insurance Company's ("Northern") disagreement over the date on which prejudgment interest on the arbitration award began to accrue. The Court determines that, under Michigan law, prejudgment interest began to accrue on Au-

gust 22, 1997, the date that Roskam filed its Complaint.

**Background**

On March 1, 1996, Roskam suffered a fire at one of its facilities in Grand Rapids, Michigan. As a result of this fire, Roskam incurred losses which were covered under its insurance policy. On August 22, 1997, Roskam filed a Complaint against its insurance company to recover covered losses relating to the fire. On November 26, 1997, Roskam filed a Sworn Statement in Proof of Loss.

On October 7, 1999, Roskam and Northern entered into a Dispute Resolution Accord and Protocol which set forth the scope of the dispute between Roskam and Northern. Pursuant to an Order of Reference entered by this Court under Federal Rule of Civil Procedure 53, United States Magistrate Judge Doyle Rowland arbitrated this matter. On February 15, 2000, after considering seven days of evidence and full briefing by both parties, Magistrate Judge Rowland awarded Roskam $7,667,218 "plus interest pursuant to MCLA 600.6013(5) to be calculated by the parties." *See* Dispute Resolution Decision at 22. On March 13, 2000, Northern wire transferred $9,769,119.54 to Roskam, which represented the amount of the arbitration award and prejudgment interest accruing from January 25, 1998.

Roskam filed this motion to recover an additional $498,409.51 for prejudgment interest accruing from August 22, 1997, the date the Complaint was filed, plus $163.41 for every day that amount is not paid after March 13, 2000.

**Roskam is Entitled to Prejudgment Interest from the Date the Complaint was Filed**

■ Magistrate Judge Rowland ordered prejudgment interest to be calculated pursuant to Michigan Compiled Laws Section 600.6013(5). That statute states that interest is "calculated from the date of filing the complaint." Prejudgment interest in a diversity action is controlled by state law.

*Diggs v. Pepsi–Cola Metropolitan Bottling Co.,* 861 F.2d 914, 924 (6th Cir.1988).

At the heart of this almost half-million dollar dispute is Northern's contention that Michigan courts have created an exception to Section 600.6013 in insurance cases and have held that prejudgment interest does not accrue until an insurer is obligated to pay the insured. Northern argues that it was not obligated to pay Roskam until January 25, 1998 because Mich. Comp. Laws § 500.2006(3) requires that an insurer pay a claim within 60 days after receipt of a Proof of Loss.

Northern asserts that this case is analogous to a line of cases from Michigan's Court of Appeals which have held that Section 600.6013 does not apply to claims that arise after the complaint is filed. In *Beach v. State Farm Mut. Auto. Ins. Co.,* 216 Mich.App. 612, 550 N.W.2d 580 (1996), an insurance company paid a portion of a claim made by an auto accident victim, but refused to pay for medical bills paid after the accident. The *Beach* Court held that, as to the medical bills that were incurred after the complaint was filed, prejudgment interest accrued on the date the bills were incurred and not on the date the complaint was filed. In a subsequent case, the Court of Appeals reiterated this rule and held that prejudgment interest "with respect to claims that arise after the filing of the complaint is properly awarded from the post-complaint date on which the insurer refused to pay and the delay in receiving money began." *Arco Industries Corp. v. American Motorists Ins. Co.,* 233 Mich. App. 143, 594 N.W.2d 74 (1999).

The question here is when did Roskam's claim arise.

The answer is found in *McKelvie v. Auto Club Ins. Assoc.,* 203 Mich.App. 331, 512 N.W.2d 74 (1994), the case on which both *Beach* and *Arco* rely. *McKelvie* was the first Michigan case to hold that the Legislature did not intend for Section 600.6013 to assess prejudgment interest to claims that arose after the complaint was filed.

But unlike *Beach* and *Arco* which do not specifically define the word "claim," *McKelvie* was explicit when it delineated the circumstances under which prejudgment interest did not accrue upon the filing of the complaint. *McKelvie* held that Section 600.6013 does not apply to claims that are added to the litigation after the original complaint is filed, but stated Section 600.6013 would apply if "the interest in issue related to a claim stated in McKelvie's original complaint." *Id.* at 78.

Applying the *McKelvie* rule here, the Court finds that the interest in issue— compensation for losses caused by the fire—is identical to the interest raised in Roskam's original complaint. *See Hi–Mill Manufacturing Co. v. Aetna Casualty & Surety Co.*, 884 F.Supp. 1109 (E.D.Mich. 1995). The cases cited by Northern are distinguishable because none involved an untimely filed Proof of Loss or an instance where plaintiff both sustained a loss and demanded payment prior to the filing of the complaint.

Northern's argument implicitly asserts that complaints involving insurance claims must be perfected by the filing of a Proof of Loss under Section 500.2006(3) in order for prejudgment interest to accrue under Section 600.6013. Northern is unable to cite a single Michigan case which states that a complaint is not considered filed for the purposes of Section 600.6013 until it meets the criteria set forth in Section 500.2006. In fact, when the Michigan Supreme Court examined the interplay between these two statutes, it suggested that Section 600.6013 trumps Section 500.2006. *See Yaldo v. North Pointe Ins. Co.*, 457 Mich. 341, 578 N.W.2d 274, 277 (1998) (Stating that "[m]erely because, under some circumstances, the two statutes overlap, does not mean that we must change the clear and unambiguous language of M.C.L. § 600.6013(5).") In the absence of Michigan case law to the contrary, the Court will not require that a Proof of Loss be filed in order to accrue prejudgment interest in an insurance case.

While it may be sound policy to charge prejudgment interest against a party only after that party has notice of the amount in dispute, Section 600.6013(5) stands as a bright-line rule which requires payments of interest from the date the complaint is filed on all claims that existed when the complaint was filed. It is not appropriate for this Court to interfere with the dictates of the Michigan Legislature or Courts and create a currently non-existent statutory requirement.

**Conclusion**

Although the Court is sympathetic to Northern's argument that it could not pay an unspecified claim, the binding and unappealable Arbitration Order states that prejudgment interest will be calculated under Section 600.6013(5), which unambiguously states that prejudgment interest "is calculated from the date of filing the complaint." While there is a narrow exception to this statute, this exception is inapplicable here. The Court also declines to create a requirement that does not currently exist under Michigan law.

Because Northern has only paid prejudgment interest from January 25, 1998, Roskam's Motion to Award Interest is granted. Judgment will be entered in favor of Roskam and Northern will be ordered to pay prejudgment interest for the period of time between August 22, 1997 and January 25, 1998. Northern will also be ordered to pay postjudgment interest from March 13, 2000 until the judgment is satisfied.