## PAULITCH v DETROIT EDISON COMPANY

Docket No. 151032. Submitted October 11, 1994, at Detroit. Decided February 21, 1995, at 9:25 A.M.

Adolph J. Paulitch brought an action in the Wayne Circuit Court against the Detroit Edison Company, alleging that the defendant engaged in age discrimination in violation of the Civil Rights Act in failing to promote him to a position for which he had applied. The jury awarded the plaintiff damages and the court, Paul S. Teranes, J., entered a judgment consistent with the verdict. The defendant appealed. The plaintiff cross appealed, claiming the trial court erred in declining to award prejudgment interest with regard to that portion of the award pertaining to future damages.

The Court of Appeals *held:*

1. The plaintiff established a prima facie case of age discrimination. The plaintiff proved by a preponderance of the evidence that the defendant's purported reason for not promoting the plaintiff was a mere pretext.

2. The verdict was supported by adequate evidence and was not against the great weight of the evidence.

3. The trial court properly denied the defendant's motions for remittitur or a new trial.

4. The defendant failed to carry its burden of proof regarding the plaintiff's alleged failure to mitigate damages. The award for future lost wages was proper. The trial court properly denied the defendant's motions for a new trial or judgment notwithstanding the verdict.

5. The plaintiff is entitled to prejudgment interest on his award of future damages from the date of the filing of the complaint. The trial court's denial of the plaintiff's motion for prejudgment interest must be reversed. The reference to "future damages" in MCL 600.6013; MSA 27A.6013, which states that "interest shall not be allowed on future damages from the date of filing the complaint to the date of entry of the judgment," is not applicable to this case because "future damages,"

REFERENCES

Am Jur 2d, Interest and Usury § 60; Job Discrimination § 2953.
See ALR Index under Interest on Money; Labor and Employment.

as defined in MCL 600.6301; MSA 27A.6301, must result from a personal bodily injury and no such injury was involved in this matter.

. Affirmed in part and reversed in part.

1. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — MITIGATION OF DAMAGES.

An offer of employment by a defendant-employer to a plaintiff-employee who has been a victim of employment discrimination must be free from conditions before the employee's failure to accept the offer may be considered to be a failure to mitigate damages.

2. JUDGMENTS — PREJUDGMENT INTEREST — WORDS AND PHRASES — FUTURE DAMAGES.

The term "future damages" in the statute providing that interest shall not be allowed on future damages from the date of the filing of the complaint to the date of the entry of the judgment refers to damages arising from a personal bodily injury (MCL 600.6013, 600.6301; MSA 27A.6013, 27A.6301).

*Van Benschoten, Hurlburt, Tsiros & Allweil, P.C.* (by *Mandel I. Allweil*), for the plaintiff.

*Frederic E. Champnella* and *Jane K. Souris,* for the defendant.

Before: WEAVER, P.J., and CONNOR and J. F. KOWALSKI,* JJ.

CONNOR, J. A jury awarded plaintiff $359,000 in damages after finding that defendant had discriminated against him on the basis of his age when it failed to promote him in violation of the Civil Rights Act, MCL 37.2202; MSA 3.548(202). Defendant appeals as of right, claiming insufficient evidence, among other things. Plaintiff cross appeals, claiming the trial court improperly declined to award prejudgment interest on future damages. We affirm in part and reverse in part.

Plaintiff began working for defendant in 1964, as

---

* Circuit judge, sitting on the Court of Appeals by assignment.

a substation operator. Over the years, plaintiff applied numerous times for the position of central system supervisor. In 1986, plaintiff, who was fifty years old at the time, interviewed for the position. He was not promoted to the position. Plaintiff testified at trial that, during the interview, he was told repeatedly that the job for which he was applying is a "young man's job." Plaintiff presented other evidence that defendant appeared to favor younger individuals for the position and showed that no one over the age of forty-five ever had been promoted to the position.

Defendant first argues that the trial court erred in denying its motions for a directed verdict and judgment notwithstanding the verdict because there was insufficient evidence to support the jury's findings. We disagree. After reviewing the record, we find that the elements for proving a claim of discrimination were met. *Manning v Hazel Park,* 202 Mich App 685, 696; 509 NW2d 874 (1993).

Plaintiff showed that defendant was predisposed to discriminate on the basis of age and acted on that predisposition. Plaintiff was in a protected class at the time, between the ages of forty and seventy, and he testified that the chief system supervisor told him that plaintiff's proximity to retirement was a factor in his decision not to promote plaintiff. Further, plaintiff testified that during his interviews in 1986, he was asked why a person his age would want such a stressful job. Accordingly, plaintiff established a prima facie case of age discrimination. *McDonald v Union Camp Corp,* 898 F2d 1155, 1160-1161 (CA 6, 1990).

Defendant's purported reason for not promoting plaintiff was that testing procedures indicated he was not as well qualified for the position as other applicants. However, our review of the record

reveals that plaintiff carried his burden of proving by a preponderance of the evidence that this purported reason was a mere pretext. *Manning, supra,* 696. Not only were portions of the testing procedures strictly subjective, but one of the candidates selected for the system supervisor position scored below plaintiff on the test. This person, who was promoted in spite of his lower score, is ten years younger than plaintiff.

Viewing the evidence in a light most favorable to plaintiff, we find the jury's verdict is supported by adequate evidence. *Price v Long Realty, Inc,* 199 Mich App 461, 472; 502 NW2d 337 (1993).

Defendant's claim that the jury's verdict is against the great weight of the evidence is also without merit. After reviewing the record, we find that evidence existed regarding plaintiff's emotional damages, including his testimony that his relationships with his wife and friends suffered after he was passed over for the promotion. As such, the verdict is not against the overwhelming weight of the evidence. *Heshelman v Lombardi,* 183 Mich App 72, 76; 454 NW2d 603 (1990); *Brunson v E & L Transport Co,* 177 Mich App 95, 106; 441 NW2d 48 (1989). Similarly, we find that the trial court did not abuse its discretion in denying defendant's motions for remittitur or a new trial. *Palenkas v Beaumont Hosp,* 432 Mich 527, 532; 443 NW2d 354 (1989). Because evidence of emotional damage was presented at trial, and the award was comparable to awards in similar cases, the trial court properly deferred to the jury and denied defendant's motions. *Id.; Brunson, supra,* 106.

Defendant's claim that plaintiff failed to mitigate his damages is unpersuasive. Defendant argues that if plaintiff had not withdrawn from consideration in 1989, he would have been offered

the position of central system supervisor at that time. Consequently, defendant contends, plaintiff's claim for past lost wages was barred from the date of the withdrawal. We disagree. Because plaintiff actually was never offered the job of central system supervisor, plaintiff was not in a position to refuse the job. Rather, the evidence showed that plaintiff withdrew his name from consideration to avoid the embarrassment of being denied the promotion again. We find defendant has failed to carry its burden of proof regarding plaintiff's alleged failure to mitigate damages. *Brooks v Rose,* 191 Mich App 565, 570; 478 NW2d 731 (1991). Under these circumstances, it was reasonable for plaintiff to believe that, if defendant intended to offer him the supervisor position in 1989, it would have done so, rather than simply accepting his withdrawal from consideration. *Hughes v Park Place Motor Inn, Inc,* 180 Mich App 213, 220; 446 NW2d 885 (1989).

Defendant's final claim, that plaintiff should not have been awarded future lost wages, is also without merit. Defendant contends that it made plaintiff an unconditional job offer a few days before the trial began. Contrary to defendant's argument, however, the job offer extended to plaintiff was not unconditional and plaintiff did not reject it. Rather, the offer was made on the eve of trial and remained open for only ten days. When plaintiff failed to act within that period, defendant withdrew the offer. An offer of employment by a defendant-employer to an employee who was a victim of discrimination must be free from conditions. *Dep't of Civil Rights ex rel Cornell v Edward W Sparrow Hosp Ass'n,* 423 Mich 548, 568; 377 NW2d 755 (1985). Because the offer was rescinded by defendant, the jury could find that the offer was conditional. Plaintiff did not fail to mitigate his dam-

ages, and the trial court properly denied defendant's motions for a new trial or judgment notwithstanding the verdict. *Rasheed v Chrysler Motors Corp,* 196 Mich App 196, 206; 493 NW2d 104 (1992).

Plaintiff's cross appeal appears to present a conflict in the interpretation of MCL 600.6013; MSA 27A.6013. Strict construction of the statute directs that plaintiff is entitled to prejudgment interest on his award of future damages. Consequently, we reverse the trial court's denial of plaintiff's motion for prejudgment interest.

Section 6013 of the Revised Judicature Act stated, in part, at all times relevant to this appeal:

> Interest shall be allowed on a money judgment recovered in a civil action, as provided in this section, except that for complaints filed on or after October 1, 1986, interest shall not be allowed on future damages from the date of filing the complaint to the date of entry of the judgment. As used in this subsection, "future damages" means that term as defined in section 6301. [MCL 600.6013; MSA 27A.6013.]

Plaintiff argues that the reference to future damages is not applicable to this case because future damages, as defined in § 6301, must result from a personal bodily injury. MCL 600.6301; MSA 27A.6301. Because this case involved a civil rights violation, plaintiff contends he is entitled to prejudgment interest on the money judgment from the date of the filing of the complaint, as provided by § 6013. We agree.

Panels of this Court appear to have split on this issue. In *Goins v Ford Motor Co,* 131 Mich App 185, 203; 347 NW2d 184 (1983), this Court ruled that the type of damages awarded by a jury was not dispositive with regard to the question of

interest. This Court adopted the *Goins* reasoning in *Om-El Export Co, Inc v Newcor, Inc,* 154 Mich App 471, 480-481; 398 NW2d 440 (1986). The *Goins* Court reasoned that prejudgment interest should be applied to the entire award because the statute, MCL 600.6013; MSA 27A.6013, did not distinguish between past and future damages.[1]

In another case, however, this Court held that the plaintiff was not entitled to prejudgment interest pursuant to MCL 600.6013; MSA 27A.6013 from the time the complaint was filed with regard to service fees payable after the complaint was filed. *Central Michigan Univ Faculty Ass'n v Stengren,* 142 Mich App 455, 461; 370 NW2d 383 (1985). And in *Bruno v Detroit Institute of Technology,* 51 Mich App 593, 600, n 1; 215 NW2d 745 (1974), this Court held that if future damages are not reduced to their present value at the time of the complaint, then an award of prejudgment interest on future damages would grant the plaintiff a double benefit. In the instant case, the jury did not receive an instruction regarding present value of future damages, and the judgment contained no reduction.

The definition of future damages is set forth in MCL 600.6301(a); MSA 27A.6301(a):

> "Future damages" means damages arising from personal injury which the trier of fact finds will accrue after the damage findings are made and includes damages for medical treatment, care and custody, loss of earning, loss of earning capacity, loss of bodily function, and pain and suffering.

We find there can be no interpretation of this plain language other than that a plaintiff is enti-

[1] The exception regarding future damages was added to § 6013 in 1986, 1986 PA 178.

tled to prejudgment interest when the suit does not result from a personal bodily injury.[2]

Affirmed in part and reversed in part.

---

[2] We are sympathetic to defendant's position for the following reasons. First, this Court has repeatedly held that the purpose of prejudgment interest is to compensate the prevailing party for the delay in recovering money damages. *Farmers Ins Group v Lynch,* 186 Mich App 537, 538; 465 NW2d 21 (1990); *Dep't of Treasury v Central Wayne Co Sanitation Authority,* 186 Mich App 58, 61; 463 NW2d 120 (1990); *McDaniel v Macomb Co Bd of Road Comm'rs,* 169 Mich App 474, 477; 426 NW2d 747 (1988). There is no delay in paying plaintiff money to which he became entitled only as a result of the jury verdict. Second, although the amended Revised Judicature Act did define future damages as only applying to personal bodily injury, MCL 600.6301; MSA 27A.6301, the Legislature distinguished between prejudgment interest on future damages and other damages. However, we believe that any modifications of this system should originate with the Legislature, not the courts.