Per Curiam.
 

 Plaintiff Deedra Duranceau appeals as of right the order granting summary disposition pursuant to MCR 2.116(C)(10) in favor of defendant Alpena Power Company in this gender discrimination action brought pursuant to the Civil Rights Act, MCL 37.2101
 
 et seq.,
 
 and the Equal Pay Act, 29 USC 206(d)(1). We affirm.
 

 Defendant hired plaintiff into the general labor/meter reader classification in 1990. She started at $7.50 an hour and received regular increases until she reached the $10.50 maximum for her classification. When defendant and the union could not agree on a new contract in 1992, defendant instituted the terms of its last best offer and union members worked without a contract. Defendant’s last best offer contained the basic structure of its 1989 collective bargaining agreement insofar as it maintained the maximum wage for the general labor/meter reader classifications while providing increases for other classifications. The effect of these terms was to freeze the wages of the three female union members, all of whom were in the general labor/meter reader classification, while granting increases for the remaining classifications, which were populated by male union members. However, nonunion female employees also received pay increases during this period.
 

 In 1993, plaintiff, together with two other female employees who were employed as meter readers at the time the 1989 collective bargaining agreement was
 
 *181
 
 ratified,
 
 [1]
 
 and the union filed suit against defendant, alleging sex discrimination in violation of the Civil Rights Act and Equal Pay Act. The trial court granted summary disposition of the discrimination claims. In an earlier appeal, this Court reversed the trial court’s order awarding summary disposition to defendant and dismissing with prejudice plaintiff’s claims. See
 
 Donajkowski v Alpena Power Co,
 
 219 Mich App 441; 556 NW2d 876 (1996), aff’d on other grounds 460 Mich 243; 596 NW2d 574 (1999). This Court concluded that the trial court erred in granting summary disposition of the then plaintiffs’ discrimination claim because the plaintiffs established a prima facie case of discrimination under the disparate treatment theory and the disparate impact theory. Thus, this Court reversed the grant of summary disposition and remanded for further proceedings consistent with the opinion.
 

 On remand, defendant conducted additional discovery and again moved for summary disposition.
 
 [2]
 
 Following a hearing on defendant’s motion, the trial court granted summary disposition in favor of defendant pursuant to MCR 2.116(C)(10).
 

 A prima facie case of discrimination under the Civil Rights Act can be made by proving either disparate
 
 *182
 
 treatment or disparate impact.
 
 Reisman v Regents of Wayne State Univ,
 
 188 Mich App 526, 538; 470 NW2d 678 (1991). Disparate treatment requires a showing of either intentional discrimination against protected employees or against an individual plaintiff. Disparate impact requires a showing that an otherwise facially neutral employment policy has a discriminatory effect on members of a protected class.
 
 Lytle v Malady (On Rehearing),
 
 458 Mich 153, 177, n 26; 579 NW2d 906 (1998).
 

 Plaintiff alleged that defendant’s act of freezing the wages of the one job classification in which all the female union employees were employed resulted in discrimination toward female employees. To avoid summary disposition under the disparate treatment theory, the plaintiff must present sufficient evidence to permit a reasonable juror to find that for the same or similar conduct the plaintiff was treated differently from a similarly situated male employee.
 
 Id.
 
 at 181-182. Gender must be proved to be a determining factor in the allegedly discriminatory decision.
 
 Town v Michigan Bell Telephone Co,
 
 455 Mich 688, 706; 568 NW2d 64 (1997).
 

 Here, plaintiff primarily relies on two comments allegedly made by defendant’s president to establish a motive to discriminate on the basis of gender. However, one comment occurred three to four years before the pay scale modification and four to five years before plaintiff accepted employment with defendant. The statement was too vague and remote in time to raise a triable issue of fact.
 
 Phelps v Yale Security, Inc,
 
 986 F2d 1020, 1026 (CA 6, 1993).
 

 The second comment, made five months after plaintiff was hired, recognized that those employees
 
 *183
 
 in the general labor classification were all women
 
 at the time the statement was made.
 
 Plaintiff asserts that this comment supports the allegation that defendant moved the male employees out of the meter reader positions before implementing the pay freeze for a combined general labor/meter reader classification so that only females would be affected by the pay freeze. However, plaintiff was the
 
 only female of seven employees
 
 hired in the general labor classification after the implementation of the wage freeze. Hence, similarly situated male employees were subject to the same pay scale as was plaintiff. Plaintiff failed to raise a triable issue of fact that gender was a determining factor in defendant’s decision to freeze the pay scale of the general labor/meter reader classification.
 
 Betty v Brooks & Perkins,
 
 446 Mich 270, 281; 521 NW2d 518 (1994).
 

 To avoid summary disposition under the disparate impact theory, plaintiff had to show that female employees were burdened on account of their gender by some facially neutral practice.
 
 Roberson v Occupational Health Centers of America, Inc,
 
 220 Mich App 322, 329-330; 559 NW2d 86 (1996). Here, the pay scale modifications challenged by plaintiff applied equally to employees in the classification, regardless of gender. Plaintiff’s allegation that defendant intentionally eliminated male employees from the general labor classification in order to reduce the compensation paid to female employees is not supported by plaintiff’s own testimony that six of the seven employees hired into the classification following the implementation of the wage freeze were male. Plaintiff failed to show that a facially neutral policy, that is, the pay range modification, resulted in similarly situ
 
 *184
 
 ated male employees being paid a higher wage than female employees.
 

 Plaintiff also contends that summary disposition of her equal pay claim was inappropriate. To avoid summary disposition of the equal pay claim, plaintiff needed to show that defendant paid lower wages to her than to male employees for equal work on jobs. However, plaintiff admitted that no comparable male employee hired into her job classification was paid more than she was. Hence, she failed to meet her burden of proving that a male worker was paid more for performing substantially similar work.
 
 Corning Glass Works v Brennan,
 
 417 US 188; 94 S Ct 2223; 41 L Ed 2d 1 (1974).
 

 Affirmed.
 

 [1]
 

 The two other female employees are no longer part of this lawsuit. They both stipulated an order dismissing their claims with prejudice.
 

 [2]
 

 Plaintiff argued on remand that the law of the case doctrine precluded the trial court from considering defendant’s motion for summary disposition. On appeal, plaintiff does not specifically make this argument. Nonetheless, we note that additional discovery was taken that unveiled new facts and that the case that this Court previously relied on in its decision was reversed by the Supreme Court. See
 
 Lytle v Malady (On Rehearing),
 
 458 Mich 153; 579 NW2d 906 (1998). Under these circumstances, the law of the case doctrine did not prevent the trial court from entertaining defendant’s motion for summary disposition.