641 N.W.2d 593 (2002)
Louis V. BUZZITTA, Plaintiff-Appellee,
v.
LARIZZA INDUSTRIES, INC., and Hughes Plastics, Inc., Defendants-Appellants, and
Diane M. Buzzitta, Joseph T. Buzzitta, James V. Buzzitta, and Phillip F. Wood, as Trustee of the Diane M. Buzzitta Trust, Third-Party Defendants-Appellees.
Docket No. 119482, COA No. 214039.
Supreme Court of Michigan.
April 12, 2002.
On order of the Court, the application for leave to appeal from the May 25, 2001 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
CORRIGAN, C.J., concurs and states as follows:
I concur in the order denying leave to appeal. I write separately to draw our Legislature's attention to an anomalous feature of Michigan's statutory provision on prejudgment interest.
MCL 600.6013(1) states:
Interest shall be allowed on a money judgment recovered in a civil action, as provided in this section. However, for complaints filed on or after October 1, 1986, interest shall not be allowed on future damages from the date of filing the complaint to the date of entry of the judgment. As used in this subsection, "future damages" means that term as defined in section 6301.
MCL 600.6301 provides:
(a) "Future damages" means damages arising from personal injury which the trier of fact finds will accrue after the damage findings are made and includes damages for medical treatment, care and custody, loss of earnings, loss of earning capacity, loss of bodily function, and pain and suffering.
(b) "Personal injury" means bodily harm, sickness, disease, death, or emotional harm resulting from bodily harm.
The plain text of § 6013(1) requires an award of prejudgment interest on a civil judgment except for "future damages." The statutory definition of "future damages," however, is limited to damages arising from personal injury. The statutory scheme thus appears to require courts to award prejudgment interest on future damages in any case that does not involve a personal injury. The case before us does not involve a personal injury.
Our Court of Appeals addressed this scheme in Paulitch v. Detroit Edison Co., 208 Mich.App. 656, 528 N.W.2d 200 (1995). It applied the statutory text: "We find there can be no interpretation of this plain language other than that a plaintiff is entitled to prejudgment interest when the suit does not result from a personal bodily injury." Id. at 662-663, 528 N.W.2d 200. The panel nonetheless observed accurately that the statutory scheme is troubling:
We are sympathetic to defendant's position for the following reasons. First, this Court has repeatedly held that the purpose of prejudgment interest is to compensate the prevailing party for the delay in recovering money damages. There is no delay in paying plaintiff money to which he became entitled only as a result of the jury verdict. Second, although the amended Revised Judicature *594 Act did define future damages as only applying to personal bodily injury, the Legislature distinguished between prejudgment interest on future damages and other damages. However, we believe that any modifications of this system should originate with the Legislature, not the courts. [ Id. at 663, n. 2, 528 N.W.2d 200 (citations omitted; emphasis supplied).][1]
The Court of Appeals has followed Paulitch in subsequent cases. See, e.g., Tucker v. Allied Chucker Co., 234 Mich.App. 550, 561-562, 595 N.W.2d 176 (1999).
The analysis of the statutory text in Paulitch appears to be sound. A policy basis is not apparent for the legislative choice to require an award of interest on damages that have not yet accrued. Nonetheless, courts are bound to apply the statute as written. This Court lacks authority to rewrite statutes to conform to our view of sound public policy, Indeed, we must apply statutory text even where we view the result as "absurd" or "unjust." People v. McIntire, 461 Mich. 147, 156, n. 2, 599 N.W.2d 102 (1999). In short, the proper role of the judiciary is to interpret and not rewrite the law.[2]
Accordingly, I urge the policy-making branch of our government to examine the provisions regarding prejudgment interest on future damages. The Legislature may wish to consider the concerns expressed in Paulitch in determining whether the statutory scheme implements a sound public policy.
NOTES
[1] Cf. McKelvie v. ACIA, 203 Mich.App. 331, 339, 512 N.W.2d 74 (1994) ("we do not believe that a plaintiff is entitled to collect interest from the date of filing the initial complaint on a claim that did not arise until well over two years after the initial complaint was pled. Such an award exceeds the purpose of compensating for a delayed payment ...").
[2] United States Supreme Court Justice Antonin Scalia has explained forcefully the importance of judicial restraint:

The philosophy of interpretation I have described above is known as textualism. In some sophisticated circles, it is considered simpleminded "wooden," "unimaginative," "pedestrian." It is none of that. To be a textualist in good standing, one need not be too dull to perceive the broader social purposes that a statute is designed, or could be designed, to serve; or too hidebound to realize that new times require new laws. One need only hold the belief that judges have no authority to pursue those broader purposes or write those new laws. [Scalia, A Matter of Interpretation: Federal Courts and the Law, p. 23 (Princeton, NJ: Princeton University Press, 1997) (emphasis supplied).]