*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VALERIE LOCKHART,

       Plaintiff-Appellant,

v

QUICKEN LOANS, INC.,

       Defendant-Appellee.

UNPUBLISHED
July 28, 2022

No. 355709
Wayne Circuit Court
LC No. 19-003402-CD

Before: BOONSTRA, P.J., and GADOLA and HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendant summary disposition under MCR 2.116(C)(10) of plaintiff's claims of disparate treatment and retaliation under the Elliot-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*. We affirm.

## I. FACTS

Plaintiff is African-American, and at the time relevant to this case was 54 years old. Plaintiff was employed as a closing support specialist with Amrock, a title company affiliated with defendant, Quicken Loans, Inc. In 2017 and 2018, plaintiff applied for four positions with defendant; plaintiff applied for the positions of Public Relations Manager and Copy Editor, and twice applied for the position of Internal Communications Manager.[1] Defendant filled the positions with other applicants, two of whom were African-American and two of whom were over the age of 40.

Plaintiff initiated this action against defendant alleging disparate treatment under the ELCRA, contending that defendant failed to hire her for the positions because of her race and/or age. She also alleged that defendant retaliated against her in violation of the ELCRA for

---

[1] The record is not consistent regarding how many times plaintiff applied for positions with defendant, but plaintiff does not refute the trial court's finding that this dispute involves defendant's hiring of other applicants for these four positions.

complaining to her supervisor at Amrock about perceived discrimination and for allegedly filing a complaint with the Equal Employment Opportunity Commission (EEOC).

Defendant moved for summary disposition of plaintiff's complaint under MCR 2.116(C)(10). Defendant argued that plaintiff had failed to state a prima facie case for either race or age discrimination because there was no evidence that defendant denied plaintiff employment under circumstances raising an inference of discrimination, and further, that plaintiff had failed to rebut defendant's legitimate, nondiscriminatory rationale that the successful candidates were more qualified than plaintiff for the positions. Defendant also argued that plaintiff had failed to state a prima facie case for retaliation because plaintiff had provided no evidence that defendant took an adverse employment action against her. The trial court granted defendant's motion on the basis that plaintiff had failed to set forth a prima facie case of either disparate treatment or retaliation under the ELCRA. Plaintiff now appeals.

## II. DISCUSSION

### A. STANDARD OF REVIEW

We review de novo the trial court's decision to grant or deny summary disposition. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and is properly granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). When reviewing the trial court's decision to grant or deny summary disposition under MCR 2.116(C)(10), we consider the evidence submitted by the parties in the light most favorable to the nonmoving party. *Id.* A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018).

### B. DISPARATE TREATMENT

Plaintiff contends that the trial court erred by holding that she failed to establish a prima facie case of disparate treatment on the basis of race or age. We disagree.

The ELCRA prohibits employers from discriminating on the basis of race or age, among other bases. The act provides, in relevant part:

(1) An employer shall not do any of the following:

(a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status. [MCL 37.2202.]

There are two broad categories of claims that can be brought under MCL 37.2202, being claims of disparate treatment and claims of disparate impact. *White v Dep't of Transp*, 334 Mich App 98, 107; 964 NW2d 88 (2020). Disparate treatment occurs when an employer intentionally discriminates against a member of a protected class, while disparate impact occurs when a facially

neutral employment practice has a discriminatory effect on members of a protected class. *Duranceau v Alpena Power Co*, 250 Mich App 179, 182; 646 NW2d 872 (2002). In this case, plaintiff alleges disparate treatment, contending that defendant intentionally discriminated against her based on race and/or age. See *White*, 334 Mich App at 107.

A plaintiff may establish discriminatory treatment under the ELCRA by direct, indirect, or circumstantial evidence. *Sniecinski v Blue Cross and Blue Shield of Mich*, 469 Mich 124, 132; 666 NW2d 186 (2003). In the context of a claim under the ELCRA, direct evidence is "evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Hazle v Ford Motor Co*, 464 Mich 456, 462; 628 NW2d 515 (2001) (quotation marks and citation omitted). When a plaintiff presents direct evidence of discrimination, the plaintiff may prove the allegation of discrimination in the same manner as proving any other case. *Id*.

If there is no direct evidence of discrimination, the plaintiff must establish the requisite proofs under the burden-shifting framework described in *McDonnell Douglas Corp v Green*, 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973). *White*, 334 Mich App at 107. Under this framework, the plaintiff bears the burden of setting forth a prima facie case by presenting evidence that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position in question, and (4) the position was given to another person under circumstances giving rise to an inference of unlawful discrimination. *Id*. at 108; *Hazle*, 464 Mich at 463.

If the plaintiff establishes a prima facie case of discrimination under the burden-shifting approach, the defendant may rebut the plaintiff's prima facie case by stating a legitimate, nondiscriminatory reason for its employment decision. *Id*. If the defendant succeeds in rebutting the presumption of discrimination, the burden shifts back to the plaintiff to show that the reasons articulated by the defendant were not the true reasons for the employment decision, but were instead a pretext for discrimination. *Id*. Under either the direct evidence analysis or the *McDonnell Douglas* burden-shifting analysis, the plaintiff is required to prove a causal link between the discriminatory motivation and the adverse employment decision. *Sniecinski*, 469 Mich at 134-135. If the plaintiff establishes a prima facie case, causation is presumed. *Id*. Speculation or conjecture is not adequate to prove causation, however. *Id*. at 140.

In this case, plaintiff alleges that defendant intentionally discriminated against her based upon race and/or age. The trial court found, and the record supports, that plaintiff provided no direct evidence of discrimination and therefore was required to proceed under the *McDonnell Douglas* burden-shifting framework. See *White*, 334 Mich App at 107. Regarding the first factor of the prima facie case, the trial court found, and the parties do not dispute, that plaintiff is a member of protected classes because plaintiff alleges disparate treatment on the basis that she is African-American and was age 54 at the time she was not hired for the positions. See *Paulitch v Detroit Edison Co*, 208 Mich App 656, 658; 528 NW2d 200 (1995) (defining those between the ages of 40 and 70 as constituting a protected class). The second factor is whether plaintiff suffered an adverse employment action. There is no exhaustive list of what constitutes an adverse employment action, and whether a plaintiff suffered an adverse employment action must be ascertained in light of the facts of each case. *Chen v Wayne State Univ*, 284 Mich App 172, 201;

771 NW2d 820 (2009). In this case, however, defendant does not dispute that its failure to hire plaintiff constituted an adverse employment action within the meaning of the ELCRA.

At issue in this case is whether plaintiff established factors three and four of her prima facie case—whether she was qualified for the positions for which she applied and whether defendant hired other applicants for the positions under circumstances giving rise to an inference of unlawful discrimination. Without ruling on whether plaintiff established that she was qualified for the positions for which she applied, the trial court determined that plaintiff failed to present any evidence that defendant hired other applicants under circumstances giving rise to an inference of unlawful discrimination. We agree.

Plaintiff applied for the positions of Public Relations Manager and Copy Editor, and twice applied for the position of Internal Communications Manager. Defendant awarded the Public Relations Manager position to a 43-year-old Caucasian applicant, awarded the Copy Editor position to a 44-year-old African-American applicant, awarded one position as Internal Communications Manager to a 29-year-old African-American applicant, and awarded the other position as Internal Communications Manager to a 33-year-old Caucasian applicant. Defendant thus filled two of the positions with African-American applicants and two of the positions with applicants over the age of 40. The trial court found that defendant's hiring decisions did not demonstrate an inference of unlawful discrimination because half of the jobs went to applicants in the same protected classifications to which plaintiff belonged.

The trial court therefore concluded that regardless of whether plaintiff had demonstrated factor three of the *McDonnell Douglas* analysis, i.e., that she was qualified for the positions, plaintiff failed to demonstrate factor four of the analysis, that the positions were given to other applicants under circumstances giving rise to an inference of unlawful discrimination. The trial court explained that "because of Quicken's actual hiring decisions, there can be no inference of unlawful discrimination where half of the jobs at issue went to candidates in the same protected classifications as Ms. Lockhart. . . . This fact alone is dispositive as to the age and race discrimination claim." We agree.

On appeal, plaintiff does not explain how defendant's hiring of the four applicants in question gives rise to an inference of discrimination. Although two candidates did not share plaintiff's race and two candidates were under age 40, an inference of discrimination does not arise merely because an employer hires a candidate outside of a plaintiff's protected class. Assuming, without deciding, that plaintiff introduced evidence sufficient to prove that she was qualified for the positions, she nonetheless failed to present evidence that the positions were given to other applicants under circumstances giving rise to an inference of unlawful discrimination. A plaintiff does not establish the fourth element of her prima facie case by showing merely that she was qualified for the position and a nonminority applicant was chosen instead. *Hazle*, 464 Mich at 470. Here, plaintiff demonstrated even less; the record establishes that two of the applicants hired by defendant were African-American and two were over age 40. Although plaintiff contends that her qualifications were superior to those of some of the applicants hired, that fact, even if true, is not determinative. Employers are not required to hire the best applicant, only to refrain from discriminating against applicants based on membership in protected classifications. Regardless of plaintiff's qualifications and regardless of the qualifications of the applicants hired, it simply is untrue that defendant was unwilling to hire either African-American applicants or applicants over

-4-

the age of 40. Because plaintiff failed to establish a prima facie case of disparate treatment, the trial court did not err by granting defendant summary disposition of her claim.

## C. RETALIATION

Plaintiff also contends that the trial court erred by holding that she failed to establish a prima facie case of retaliation. We disagree.

Under MCL 37.2701(a), an employer is liable if it retaliates against an employee for engaging in a protected activity, such as opposing a violation of the ELCRA. *White*, 334 Mich App at 114. This antiretaliation provision provides:

Two or more persons shall not conspire to, or a person shall not:

(a) Retaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this act. [MCL 37.2701(a).]

To establish a prima facie case of retaliation under the ELCRA, a plaintiff must show that (1) the plaintiff engaged in a protected activity, (2) the defendant knew about this activity, (3) the defendant took an employment action adverse to the plaintiff, and (4) there was a causal connection between the protected activity and the adverse employment action. *El-Khalil*, 504 Mich at 161. A temporal relationship between the protected activity and the adverse employment action alone is not sufficient to demonstrate a causal connection. *West v Gen Motors Corp*, 469 Mich 177, 185; 665 NW2d 468 (2003) (discussing the antiretaliation provision of the Whistleblowers' Protection Act, MCL 15.362).

In this case, the parties do not dispute that plaintiff's alleged complaint to her director at Amrock and her alleged filing of a complaint with the EEOC, if demonstrated, would be considered protected activities. The parties also do not dispute that failing to consider plaintiff as an applicant would be considered an adverse employment action. The trial court found, however, that plaintiff failed to establish a causal connection between her alleged protected activities and the adverse employment action. We agree. Plaintiff asserts only that defendant did not call her for additional interviews after she engaged in the protected activities, but temporal proximity alone is insufficient to demonstrate a causal connection between the protected activity and the adverse employment action. See *West*, 469 Mich at 185. The trial court therefore did not err by holding that plaintiff failed to establish a prima facie case for retaliation under the ELCRA.[2]

---

[2] Plaintiff also argues on appeal that the trial court erred by holding that defendant is entitled to case evaluation sanctions under MCR 2.403(O). Plaintiff did not raise this challenge in her statement of questions presented in her brief on appeal, however, and thereby waived review of this issue on appeal. See *Seifeddine v Jaber*, 327 Mich App 514, 521; 934 NW2d 64 (2019).

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Noah P. Hood